United States District Court
Southern District of Texas
**ENTERED**
December 13, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| HERITAGEMARK, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:22-cv-04513 |
| | § | |
| UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM & ORDER</u>

Currently pending are the parties' responses, ECF Nos. 35, 37, to the Court's Order to Show Cause, ECF No. 32, questioning subject-matter jurisdiction, choice of law, and venue. Based on a review of the responses, the Court is satisfied that it has jurisdiction over this action, the parties agree to this venue, and choice of law remains undecided as to the class claims until the parties conduct further discovery. As for the motion to dismiss, the parties agree that Texas law applies.

### Background Facts

In this case, Plaintiff Heritagemark, LLC filed a class-action lawsuit against Defendant Unum Life Insurance Company of America under Rule 23 of the Federal Rules of Civil Procedure. Compl., ECF No. 1 ¶ 26. Plaintiff alleges that Defendant failed to properly adjust the cost-of-insurance rates charged to policyholders, resulting in several years of overpayments. *Id.* ¶¶ 5-27. Plaintiff asserts claims for

breach of contract, breach of implied covenant, and conversion under state law. *Id.* ¶¶ 107-29. The attached life insurance certificate upon which Plaintiff's claims are premised does not contain any choice-of-law or forum-selection clause. *See id.* at 45-58 (Exh. A). While the original insured resided in Houston, where the policy was likely issued, Plaintiff purchased title to that policy through a viatical settlement[1] in 2014. *Id.* ¶¶ 3-4 & n.1. Plaintiff now pays the premiums on the policy and is entitled to its benefits upon the insured's death. *Id.* ¶ 4. Plaintiff alleges that "a substantial portion" of Defendant's relevant acts and omissions occurred in this district. *Id.* ¶ 35.

Plaintiff invokes federal court diversity jurisdiction. *Id.* ¶ 31-32. In response to the Show Cause Order, Plaintiff clarifies that it is an LLC whose members are citizens of Florida and Canada. ECF No. 35 at 1-2. Further, Plaintiff alleges its principal place of business is in Oklahoma and it is organized under the laws of Oklahoma. ECF No. 1 ¶ 28. In its response to the Show Cause Order, Defendant asserts it is a corporation, incorporated under the laws of Maine with its principal place of business in Maine. ECF No. 37 at 2. Plaintiff alleges a proposed class of over 100 members and an amount in controversy exceeding $5 million in the aggregate. ECF No. 1 ¶ 31.

---

[1] A viatical settlement is the sale of an insured's existing life insurance policy to a third party for a lump sum payment at a discount from the full death benefit of the policy.

## Analysis

**A.    The Court has subject-matter jurisdiction over this class-action dispute.**

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity between the plaintiffs and defendants. *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). "Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). Under the usual test, citizenship of an LLC "is determined by the citizenship of all of its members," and the party asserting federal jurisdiction "must specifically allege the citizenship of every member of every LLC." *Id.* at 314 (quotation omitted). The parties both assert that the Class Action Fairness Act ("CAFA") supersedes the usual citizenship test for LLC parties in class actions and this case. ECF No. 35 at 3-4; ECF No. 37 at 1-2. The Court agrees.

Under CAFA, federal courts have diversity jurisdiction in class actions where minimal diversity exists, *i.e.*, where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). For purposes of CAFA, rather than relying on the citizenship of its members, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *Id.* § 1332(d)(10); *cf. id.* § 1332(c)(1) (adopting same test for corporations). Most courts addressing the

3

question have found that an LLC qualifies as an "unincorporated association" under CAFA. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 & n.1 (10th Cir. 2015) (relying on definition of LLC under Oklahoma law); *see also Anderson v. Dean*, No. 21-1897, 2022 WL 815253, at *2 (E.D. La. Mar. 17, 2022) (citing *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 426 n.2 (5th Cir. 2014)).

More importantly, the term "class action" for purposes of CAFA is defined as "any civil action *filed* under rule 23." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). Although the Fifth Circuit has yet to squarely addressed the issue, other circuits have concluded that certification is not required before a party may avail itself of CAFA's relaxed rules for minimal diversity. *See Sims v. Carrington Mortgage Services, L.L.C.*, 538 Fed. App'x 537, 540 n.8 (5th Cir. 2013) (collecting cases); *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 639-40 (5th Cir. 2014) (indicating non-certification would not defeat diversity jurisdiction in removal context). But there is a divergence of authority regarding whether courts can maintain jurisdiction under § 1332(d) if class certification is subsequently denied. *See, e.g.*, *Robinson v. Wal-Mart Stores, Inc.*, 253 F.R.D. 396, 403 (S.D. Miss. 2008) (finding jurisdiction appropriate in the alternative under § 1332(a)).

Plaintiff's complaint failed to allege facts sufficient to show how CAFA changes the Court's jurisdictional analysis. In particular, the complaint failed to

4

allege that an LLC is a "unincorporated association" under § 1332(d)(10) and that certification is not necessary before CAFA's provisions may be invoked. This case is not the first time a pleading has failed to contain allegations adequate to support the applicable jurisdictional test for LLC citizenship in class action cases, nor will it likely be the last. *See, e.g.*, *Calchi v. TopCo Associates*, LLC, No. 22-CV-747, 2023 WL 3863355, at *8 (N.D. Ill. June 7, 2023) (describing an LLC as a "jurisdictional platypus"). In its response to the Show Cause Order, Plaintiff now contends there is minimal diversity under § 1332(d) for the class action, as well as complete diversity between the parties under 28 U.S.C. § 1332(a). ECF No 35 at 1-4. Defendant does not disagree. ECF No. 37 at 2. Based on the responses to the Show Cause Order, the Court finds that Plaintiff is a citizen of Oklahoma under CAFA and Defendant is a citizen of Maine. The Court thus finds that § 1332(d)(2) minimal diversity is met, and there appears to be complete diversity as well.[2]

## B.    Choice-of-law issues may require additional discovery.

As the Court stated in the Order to Show Cause, ECF No. 32, federal courts sitting in diversity apply the forum state's rules for conflict of laws. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Texas courts generally give effect

---

[2] Under the usual test for LLCs, Plaintiff would be a citizen of Florida, and Defendant a citizen of Maine. However, Plaintiff does not allege a specific amount in controversy in the alternative outside the class-action aggregate amount. Thus, the complaint fails to allege the facts necessary for subject-matter jurisdiction under the usual test.

to contractual choice-of-law clauses. *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 304 (5th Cir. 2016). But where no choice-of-law clause exists, Texas courts use the Restatement's "most significant relationship" test. *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 723 (5th Cir. 2010). This means courts must consider various factors, including "the place of contracting," "the place of performance," and the "place of incorporation and place of business of the parties." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 (AM. LAW INST. 1971) (listing five factors). For life insurance contracts, the Restatement presumptively favors the jurisdiction where the insured is domiciled, although that may be rebutted if, "with respect to the particular issue, some other state has a more significant relationship." *Id.* § 192; *accord Conestoga Tr. v. Columbus Life Ins. Co.*, 759 Fed. App'x 227, 233 (5th Cir. 2019). The Restatement's test for tort claims, such as conversion, uses similar factors to determine which state has the "most significant relationship." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145.

The threshold choice-of-law inquiry, however, is "whether there is a conflict between Texas law and the other potentially applicable law." *Bailey*, 609 F.3d at 722. Where the potentially applicable laws "do not meaningfully differ," then courts "need not resolve the choice-of-law question." *Torrey v. Infectious Diseases Soc'y of Am.*, 86 F.4th 701, 704 (5th Cir. 2023). This includes situations where the parties

fail to "articulate or even identify a conflict" in those laws. *Transverse, L.L.C. v. Iowa Wireless Services, L.L.C.*, 753 Fed. App'x 184, 187 n.2 (5th Cir. 2018).

The certificate attached to Plaintiff's complaint contains no choice-of-law clause, but it indicates the insured resided in Houston at least as of 1999. ECF No. 1 at 48. Based on that fact, Plaintiff presumes that Texas law applies. ECF No. 35 at 5, 10. Nonetheless, Plaintiff argues it is too early for the Court to perform a full choice-of-law analysis as no discovery has taken place yet. *Id.* at 5-8. Plaintiff likens this case to *Spegele v. USAA Life Insurance Co.*, where the district court conducted a full choice-of-law analysis on a similar life insurance class action after discovery at the certification stage. 336 F.R.D. 537, 548 (W.D. Tex. 2020).

The only other potentially applicable law identified is that of Rhode Island, which is the law selected on the alleged group policy attached to Defendant's motion to dismiss. ECF No. 15-1 at 8. Defendant thus argues that the group policy's choice-of-law clause governs Plaintiff's individual contract claims. ECF No. 37 at 7-8. However, Defendant identifies no conflicts between Rhode Island and Texas law and argues that the laws of both states lead to the same result: dismissal of Plaintiff's claims. *Id.* at 8. Significantly, Defendant argues that choice of law is an important issue for class certification because, if the laws of the various states are implicated in the nationwide class action, it could defeat class certification. *Id.* at 3-7.

Because the parties have not identified any conflicts in the laws potentially applicable here, the Court need not conduct a full choice-of-law analysis at this time. *See Transverse*, 753 Fed. App'x at 187 n.2. The Court also preliminarily notes that Restatement § 192 expresses a preference for applying Texas law under these circumstances, and the parties have not argued otherwise. Defendant's arguments about Rhode Island law are also tied to the merits of its substantive arguments. The parties dispute whether the group policy may even be considered at the motion-to-dismiss stage. *See* ECF Nos. 25, 28. Thus, the Court will refrain from resolving that question until after oral argument. Because discovery is still in the early stages, and Defendant has yet to produce all the relevant documents,[3] for the purposes of the pending motion to dismiss, ECF No. 15, the Court will apply Texas law.

## C.   Defendant has acquiesced to venue in the Southern District of Texas.

Venue is appropriate in any district where the Defendant resides or where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Courts generally enforce forum-selection clauses in contracts. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49,

---

[3] Despite receiving ample time for its reply, Defendant still has not produced a copy of the actual signed Toshiba Group Policy. Defendant continues to rely on a specimen copy, and the provision purportedly electing Rhode Island law is partly obstructed by the "Specimen Only" watermark. ECF No. 15-1 at 8. Defendant also has not produced any other documents that may have been incorporated into the group policy, such as the trust agreement or trust policy. *See id.* at 43. The documents relevant to Plaintiff's claims may have choice-of-law or forum-selection clauses that are controlling.

63-65 (2013) (enforcing forum-selection clause through motion to transfer venue). Unlike subject-matter jurisdiction, venue may be waived. *See* FED. R. CIV. P. 12(b)(3); *Allen v. U.S. Dep't of Homeland Sec.*, 514 Fed. App'x 421 (5th Cir. 2013).

Here, Defendant has waived any objection to venue in this district, agreeing that venue is proper in this Court. ECF No. 37 at 8-9. After further discovery, if the parties determine that a more convenient forum exists, whether based on a forum-selection clause or the location of evidence, the Court will entertain a motion to transfer under 28 U.S.C. § 1404(a) at that time. *See Brown v. Federated Capital Corp.*, 991 F. Supp. 2d 857, 860 (S.D. Tex. 2014) (noting that motion to transfer may be filed at any time, although unreasonable delay may be a factor).

Finally, the parties previously requested oral argument on the pending motion to dismiss. *See* ECF No. 31. Because subject-matter jurisdiction exists, the Court will enter a separate order to set Defendant's motion to dismiss for oral argument.

**IT IS SO ORDERED.**

Signed on December 13, 2023, at Houston, Texas.


_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**


9